CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 13 2006

JOHN F CORCORAN, CLERK
BY
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL F. CROSBY, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00103 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SGT. COLLINS, et al., ) | By Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

The plaintiff, Michael F. Crosby, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at Wallens Ridge State Prison. The plaintiff alleges that on November 19, 2005, correctional officers searched his cell and threw away one of his religious books. When the plaintiff complained about the officers' actions, Sergeant Collins ripped several pieces of the plaintiff's mail and directed the other officers to throw the plaintiff's religious books on the floor. Collins told the plaintiff that she would have the other officers take him to his knees if the plaintiff made a sound. The plaintiff subsequently dropped to his knees to prevent the officers from harming him. Collins then told the plaintiff that if he made another sound, she would "have her officers bounce [his] head up off the floor like a soccer ball." The plaintiff filed a grievance regarding the officers' actions. Prison officials determined that the

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

grievance was unfounded.

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish a violation of his constitutional rights.

1. Deprivation of Property

To the extent that the plaintiff seeks to challenge the destruction or deprivation of his personal property, the plaintiff's allegations are without merit. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981). Given that the deprivation of property is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation remedy, such as a prison grievance procedure or a state tort claim, suffices. Id. In this case, it is clear that the plaintiff made use of available post-deprivation remedies, as evidenced by the grievance forms submitted with his complaint. Furthermore, other state law remedies, including the Virginia Tort Claims Act, were available to the plaintiff as a means to seek compensation for his property. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d

2

762, 767 (W.D. Va. 2000). Accordingly, inasmuch as the plaintiff had adequate state remedies, the deprivation of his personal property did not rise to the level of a constitutional violation.

2. Threats

The plaintiff also alleges that Sergeant Collins threatened to have the other officers take the plaintiff to his knees or bounce his head on the floor. However, mere threats or harassment by prison officials, without more, do not state a cognizable claim under § 1983. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER:** This 13th day of February, 2006.

                                              United States District Judge